| | |
|---|---|
| JOE L. MCKENNEY, JR., <br><br> Plaintiff, <br><br> v. <br><br> R. HERNANDEZ, et al., <br><br> Defendants. | Civil No. 07cv1735-L (POR) <br><br> **REPORT AND RECOMMENDATION THAT (1) DEFENDANTS' MOTION TO DISMISS BE GRANTED IN PART AND DENIED IN PART; AND (2) DEFENDANTS' MOTION TO STRIKE BE DENIED** <br><br> **[Doc. No. 10]** |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

## I. INTRODUCTION

On August 31, 2007, Plaintiff Joe L. McKenney, Jr., a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against five employees of Richard J. Donovan Correctional Facility: Robert J. Hernandez, Warden; M.F. Stout, Visiting Lieutenant; L.V. Tillman, Visiting Sergeant; G.S. Gasgonia, Visiting Correctional Officer; and Richard G. Ramirez, Visiting Correctional Officer ("Defendants"). (Compl. at 2.) Plaintiff sues Defendants in both their individual and official capacities. (Id.) Plaintiff claims violations of his Eight Amendment rights, his due process rights, and his right of access to the courts. (Compl. at 3-5.) In support of these claims, Plaintiff asserts that Defendants Gasgonia and Ramirez assaulted him for 30 minutes, and that Defendants Hernandez, Stout, and Tillman neglected their duties to completely investigate Plaintiff's assault claims. (Id.) He further contends that he was denied yard recreation, double cell occupancy, and access to the law library while he was in administrative segregation. (Id.)

Defendants brought a Motion to Dismiss Plaintiff's Complaint and Strike Plaintiff's Request

for Injunctive Relief pursuant to Federal Rules of Civil Procedure, 12(b)(6) and 12(f) on the grounds that Plaintiff fails to state a claim for which relief may be granted. (Doc. No. 10.) Specifically, Defendants argue in their Memorandum of Points and Authorities in Support of Motion to Dismiss and Strike Plaintiff's Request for Injunctive Relief ("Defs.' Mot.") that (1) Defendants are entitled to sovereign immunity when sued in their official capacities; (2) there is no liability based on a failure to investigate assault claims; (3) denial of outdoor recreation and double cell occupancy does not rise to the level of an Eighth Amendment claim; (4) Plaintiff fails to describe a cause of action that was frustrated as a result of the denial of access to the law library; (5) Plaintiff does not have a due process right to an inmate grievance procedure; and (6) Plaintiff fails to show that injunctive relief is required due to a threat of serious injury. (Doc. No. 11.)

After thorough review of the parties' motions and all supporting documents, this Court recommends that (1) Defendants' Motion to Dismiss be **GRANTED IN PART AND DENIED IN PART** and (2) that Defendants' Motion to Strike be **DENIED**.

## II. BACKGROUND

On August 31, 2007, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Defendants. (Compl. at 2.) In his complaint, Plaintiff alleges that on August 28, 2005 he was visiting with his wife when Defendant Ramirez handcuffed him and informed him that he "could not sit towards/straddle [his] wife." (Compl. at 3.) Plaintiff claims that he asked to speak with Defendant Stout, and Defendant Ramirez left to make a phone call. (Id.) When Defendant Ramirez returned, Defendant Gasgonia "attacked [Plaintiff] from behind" then "grabbed [Plaintiff's] left leg and lifted it upwards, throwing [him] forward" and causing him to "land hard on [his] face." (Id.) Plaintiff further alleges that both Defendants Ramirez and Gasgonia assaulted him with their "hands, feet and batons in front of [his] wife, other visitors and inmates." (Id.) Plaintiff claims Defendants Ramirez and Gasgonia dragged him away, put leg irons on his legs, and assaulted him in a van for thirty minutes. (Id.) Plaintiff contends Defendants Ramirez and Gasgonia assaulted him "willfully, with intent to commit great bodily injury." (Compl. at 2.) Plaintiff also claims that Defendants Hernandez, Stout, and Tillman neglected their duties by failing to "completely investigate" Plaintiff's claims. (Id.)

1  Plaintiff alleges that he was placed in administrative segregation from August 28, 2005
2 through February 24, 2006, during which time he was "denied recreation, double cell occupancy,
3 and [...] access to the law library." (Compl. at 4.) He claims he was denied access to the law library
4 by the law librarian, and as a result he "could not prepare an adequate defense." (Id.) He further
5 claims that he "tried to exhaust all forms of relief but was denied," and consequently "the relief [he
6 sought] has been jeopardized, violating [his] due process rights." (Compl. at 5.)

7  Plaintiff requests damages and an injunction preventing Defendants from retaliating towards
8 Plaintiff. (Compl. at 7.)

## III. DEFENDANTS' MOTION TO DISMISS

10  Defendants seek dismissal on the grounds that (1) Defendants are entitled to sovereign
11 immunity when sued in their official capacities; (2) there is no liability based on a failure to
12 investigate assault claims; (3) denial of outdoor recreation and double cell occupancy does not rise
13 to the level of an Eighth Amendment claim; (4) Plaintiff fails to describe a cause of action that was
14 frustrated as a result of the denial of access to the law library; and (5) Plaintiff does not have a due
15 process right to an inmate grievance procedure.

16 **A.  Standard of Review**

17  A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) tests the legal
18 sufficiency of the claims in the complaint. A claim can only be dismissed if it "appears beyond
19 doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to
20 relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Hishon v. King & Spaulding, 467 U.S. 69, 73
21 (1974). The court must accept as true all material allegations in the complaint, as well as reasonable
22 inferences to be drawn from them, and must construe the complaint in the light most favorable to the
23 plaintiff. N.L. Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986); Parks School of
24 Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995); Cholla Ready Mix, Inc. v. Civish,
25 382 F.3d 969, 973 (9th Cir. 2004) ("[U]nder Fed.R.Civ.P. 12(b)(6), [the Court must] accept[] all
26 facts alleged in the complaint as true and construing them in the light most favorable to the
27 plaintiff,") (*citing* Karam v. City of Burbank, 352 F.3d 1188, 1192 (9th Cir. 2003).
28  The court looks not at whether the plaintiff will "ultimately prevail but whether the claimant

is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Dismissal is not warranted unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Conley, 355 U.S. at 45-46.

Where a plaintiff appears in propria persona in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a pro se civil rights complaint, however, the court may not "supply essential elements of claims that were not initially pled." Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." Id.; see also Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984) (conclusory allegations unsupported by facts are insufficient to state a claim under section 1983). "The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim." Jones, 733 F.2d at 649 (internal quotation omitted).

Nevertheless, the court must give a pro se litigant leave to amend his complaint unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Noll v. Carlson, 809 F.2d 1446, 1447 (9th Cir. 1987). Thus, before a pro se civil rights complaint may be dismissed, the court must provide the plaintiff with a statement of the complaint's deficiencies. Karim-Panahi, 839 F.2d at 623-24.

**B.     Sovereign Immunity**

Plaintiff fails to state a claim against Defendants in their official capacity because as state officials they are protected by sovereign immunity. Under the Eleventh Amendment, states are immune from suits for damages brought in federal court. Henry v. County of Shasta, 132 F.3d 512, 517 (9th Cir. 1997). This protection extends to state officials acting in their official capacity. Regents of the University of California v. Doe, 519 U.S. 425, 429 (1997). While the Eleventh Amendment bars a prisoner's section 1983 claims against state actors sued in their official capacities, Will v. Michigan, 491 U.S. 58, 66 (1989), it does not bar damage actions against state

1  officials in their personal or individual capacities.  Hafer v. Melo, 502 U.S. 21, 31 (1991); Pena v.
2  Gardner, 976 F.2d 469, 472-73 (9th Cir. 1992).  Defendants correctly argue that as state officials
3  they are immune from suit in their official capacity.  (Defs.' Mot. at 6.)  However, Plaintiff sues
4  Defendants in both their official and individual capacities.  (Compl. at 2.)  Accordingly, the Court
5  recommends that Defendants' Motion to Dismiss claims against the Defendants be **GRANTED**
6  without leave to amend, only to the extent that Plaintiff seeks relief against them in their official
7  capacities.

**C.     Excessive Force by Defendants Ramirez and Gasgonia**

Plaintiff alleges Defendants Ramirez and Gasgonia used excessive force against him in violation of the Eighth Amendment.  (Compl. at 3.)  In an excessive force claim against a prison official, the "core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Hudson v. McMillian, 503 U.S. 1, 7 (1992).  Courts examine (1) the need for application of force; (2) the relationship between the need and the amount of force used; (3) the extent of injury inflicted; (4) the extent of threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of facts known to them; and (5) any efforts made to temper the severity of a forceful response.  Id.

Plaintiff's allegations support an excessive force claim against Defendants Ramirez and Gasgonia.  Plaintiff alleges in his complaint that Defendants Ramirez and Gasgonia, apparently in response to Plaintiff sitting towards or straddling his wife, assaulted Plaintiff in front of his wife as she screamed.  (Compl. at 3.)  Plaintiff further alleges that Defendants Ramirez and Gasgonia took him to a van and continued to assault him for thirty minutes.  (Compl. at 3.)  Plaintiff adequately alleges the force applied by Defendants Ramirez and Gasgonia was not "applied in a good-faith effort to maintain or restore discipline," but rather to "maliciously and sadistically to cause harm."  See Hudson, 503 U.S. at 7.  Thus, Plaintiff's allegations state a valid claim of excessive force, and the Court recommends that Defendants' Motion to Dismiss excessive force claims against Defendants Ramirez and Gasgonia be **DENIED**.

**D.     Excessive Force by Defendants Hernandez, Stout, and Tillman**

Plaintiff additionally brings an excessive force claim against Defendants Hernandez, Stout,

and Tillman. Supervisors can only be held liable for excessive force by their subordinates if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). "Vague [...] allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Plaintiff does not allege that Defendants Hernandez, Stout, and Tillman physically assaulted him in any way. (Compl. at 2.) Plaintiff only alleges that Defendants Hernandez, Stout, and Tillman failed to investigate the incident of assault; there are no direct allegations that they were involved before the assault, with the opportunity to prevent it.

Despite Plaintiff's assertions that he asked to "talk with Lieutenant Stout" and that Defendant Ramirez "went to the phone and placed a call," Plaintiff's assertions of Defendant Stout's participation are vague and insufficient to withstand a motion to dismiss. (Compl. at 3.) See Ivey, 673 F.2d at 268. Therefore, the Court recommends that Defendants' Motion to Dismiss Plaintiff's excessive force claim against Defendants Hernandez, Stout, and Tillman be **GRANTED** with leave to amend.

**E.     Deprivation of Yard Recreation**

Plaintiff alleges that his right to be free from cruel and unusual punishment under the Eighth Amendment was violated when he was denied yard recreation for the six months that he was kept in administrative segregation. (Compl. at 4.)

"Whatever rights one may lose at the prison gates, ... the full protections of the eighth amendment most certainly remain in force. The whole point of the amendment is to protect persons convicted of crimes." Spain v. Procunier, 600 F.2d 189, 193-94 (9th Cir. 1979) (citation omitted). The Eighth Amendment, however, is not a basis for broad prison reform. It requires neither that prisons be comfortable nor that they provide every amenity that one might find desirable. Rhodes v. Chapman, 452 U.S. 337, 347, 349 (1981); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1981). Rather, the Eighth Amendment proscribes the "unnecessary and wanton infliction of pain," which includes those sanctions that are "so totally without penological justification that it results in the gratuitous infliction of suffering." Gregg v. Georgia, 428 U.S. 153, 173, 183 (1976); see also

1  Farmer v. Brennan, 511 U.S. 825, 834 (1994); Rhodes, 452 U.S. at 347.  This includes not only
2  physical torture, but any punishment incompatible with "the evolving standards of decency that
3  mark the progress of a maturing society."  Trop v. Dulles, 356 U.S. 86, 101 (1958); see also Estelle
4  v. Gamble, 429 U.S. 97, 102 (1976).

5  Outdoor exercise is considered "extremely important to the psychological and physical well
6  being of the inmates."  Spain, 600 F.2d at 199.  If the deprivation of outdoor exercise is "long-term,"
7  then it amounts to an Eighth Amendment violation even if there were no adverse medical effects
8  resulting from the deprivation.  Lopez v. Smith, 203 F.3d 1122, 1133 n.15 (9th Cir. 2000).  To assert
9  an Eighth Amendment claim for deprivation of humane conditions of confinement, a prisoner must
10 satisfy two requirements: one objective and one subjective.  Farmer, 511 U.S. at 834; Allen v. Sakai,
11 48 F.3d 1082, 1087 (9th Cir. 1994).

12 "Under the objective requirement, the prison official's acts or omissions must deprive an
13 inmate of the minimal civilized measure of life's necessities."  Id.  This objective component is
14 satisfied so long as the institution "furnishes sentenced prisoners with adequate food, clothing,
15 shelter, sanitation, medical care, and personal safety."  Hoptowit, 682 F.2d at 1246; Farmer, 511
16 U.S. at 833; Wright v. Rushen, 642 f.2d 1129, 1132-33 (9th Cir. 1981).

17 The subjective requirement, relating to the defendants' state of mind, requires "deliberate
18 indifference."  Allen, 48 F.3d at 1087.  "Deliberate indifference" exists when a prison official
19 "knows of and disregards an excessive risk to inmate health and safety; the official must be both
20 aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,
21 and he must also draw the inference."  Farmer, 511 U.S. at 835.  Finally, the Court must analyze
22 each claimed violation in light of these requirements, for Eighth Amendment violations may not be
23 based on the "totality of conditions" at a prison.  Hoptowit, 682 F.2d at 246-47; Wright, 642 F.2d at
24 1132.

25 Plaintiff's claim satisfies the objective requirement.  The six months of deprivation alleged in
26 the complaint are more "long-term" than the six-and-one-half weeks of deprivation in Lopez, and,
27 therefore, the conditions alleged here objectively amount to an Eighth Amendment violation.  See
28 Lopez, 203 F.3d at 1133 n.15.

However, Plaintiff's claim fails to satisfy the subjective requirement.  Not only does Plaintiff fail to allege that any of the defendants were aware of the substantial risk to Plaintiff's health, he fails to name any of the defendants in connection with the denial of outdoor exercise. (Compl. at 4.) Plaintiff's complaint fails because he did not "set forth specific facts as to each individual defendant's deliberate indifference." Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). Accordingly, the Court recommends that Defendants' Motion to Dismiss Plaintiff's claim based on denial of yard recreation be **GRANTED** with leave to amend.

**F.    Denial of Double Cell Occupancy**

Plaintiff further alleges that his right to be free from cruel and unusual punishment under the Eighth Amendment was violated when he was denied "double cell occupancy." (Compl. at 4.)  No precedent supports the claim that denying a double cell amounts to a deprivation of "the minimal civilized measure of life's necessities." Allen, 48 F.3d at 1087 (citations omitted).  Such a denial is thus not an Eighth Amendment violation.  Moreover, Plaintiff again fails to "set forth specific facts as to each individual defendant's deliberate indifference," this time with regard to the denial of a double cell, and thus fails to state a claim for deliberate indifference. Leer, 844 F.2d at 634. Therefore, the Court recommends that Defendants' Motion to Dismiss Plaintiff's claim based on denial of double cell occupancy be **GRANTED** without leave to amend.

**G.    Access to the Courts**

Plaintiff alleges that his right to have access to the courts was violated when the law librarian denied access to the prison's law library during the six months that Plaintiff was held in administrative segregation. (Compl. at 4.)  A prisoner's access-to-the-courts right is violated when he does not have access to an adequate law library and when he can show he suffered an "actual injury" as a result, that his efforts to pursue some claim were hindered. Lewis v. Casey, 518 U.S. 343, 351 (1996).  A plaintiff must adequately describe the claim that was hindered and allege facts that show it was actually hindered in some way. Christopher v. Harbury, 536 U.S. 403, 415 (2002). The analysis in Christopher describes two kinds of hindered claims: "forward-looking" claims that are currently being impeded, and "backward-looking" claims that are now impossible to file. Id. at 412-14.

1    It is unclear from the complaint which claim Plaintiff alleges has been hindered; he claims
2 that as a result of the denial of access to the law library, he was unable to "prepare an adequate
3 defense" and could not "notify the proper authorities." (Compl. at 4.) A plausible interpretation is
4 that he is referring to his excessive force claim against Defendants Ramirez and Gasgonia, which is
5 in fact the only adequately alleged claim in the complaint.

6    Plaintiff alleges no facts to show that he has a "backward-looking" claim -- one that
7 can no longer be filed. He suggests that "the relief [he] seek[s] has been jeopardized," but
8 does not allege facts to support that conclusion. (Compl. at 5.) Such conclusory
9 suggestions are not sufficient to withstand a motion to dismiss. Ivey v. Board of Regents,
10 673 F.2d 266, 268 (9th Cir. 1982). He does claim that he "tried to exhaust all forms of
11 relief but was denied." (Compl. at 5.) If he means that he did not succeed in exhausting all
12 forms of relief, then that might preclude filing the claim, and he would effectively be
13 alleging facts that show he is not able to file the claim. Woodford v. Ngo, 548 U.S. 81, 84
14 (2006) (describing the exhaustion of administrative remedies requirement). However,
15 contrary to that interpretation, Plaintiff later describes in detail in the complaint his success
16 in exhausting administrative remedies. (Compl. at 6.) Therefore, Plaintiff fails to allege
17 facts to show that he has a claim that can no longer be filed.

18    Likewise, Plaintiff alleges no facts to show that he has a "forward-looking" claim --
19 one that is currently being impeded. The complaint indicates that Plaintiff was only unable
20 to access the law library during the six months of administrative segregation; he does not
21 allege that he currently has no access to the law library. (Compl. at 4.) Plaintiff fails to
22 allege facts indicating he currently has a claim being impeded. Furthermore, assuming the
23 claim he refers to is the excessive force claim, he has successfully filed the claim, and
24 nothing indicates it has been impeded. Rather than "spending time and money to establish
25 facts constituting denial of access," the denial of access claim should be dismissed and
26 Plaintiff can "litigat[e] a simpler case without the denial-of-access element." Christopher v.
27 Harbury, 536 U.S. 403, 415 (2002).

28    Because Plaintiff alleges no facts to support the existence of either a "forward-

looking" or a "backward-looking" claim, the Court recommends that Defendants' Motion to Dismiss Plaintiff's access-to-the-courts claim be **GRANTED** with leave to amend.

**H.     Due Process - Investigation and Grievance Procedures**

Plaintiff alleges that he was denied due process in the course of attempting to exhaust his administrative remedies when Defendants Hernandez, Stout, and Tillman failed to "completely investigate" his claims of brutality.[1] (Compl. at 2, 5.) He further claims that the "extreme blown time constraints" of the appeal process jeopardized those remedies. (Compl. at 5.)

"The Supreme Court has held that to obtain a protectable right an individual must have 'a legitimate claim of entitlement to it.'" Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (citing Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7, (1979); see also Allen v. Board of Pardons, 792 F.2d 1404, 1407 (9th Cir. 1986), aff'd, 482 U.S. 369 (1987)). "[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure," such as the processing of one's appeal. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).

Here, Plaintiff's allegations regarding the prison's grievance procedure do not constitute a due process violation. The alleged delays in the grievance process and incomplete investigation by Defendants Hernandez, Stout, and Tillman do not amount to a deprivation of a protected liberty interest. Therefore, the Court recommends that Defendants' Motion to Dismiss Plaintiff's due process claim be **GRANTED** without leave to amend.

///
///
///

---

[1] Based on the facts of Plaintiff's allegation, it appears he is alleging a due process violation even though he describes the facts of his allegation on a different page from where he lists "due process" as one of his civil rights that has been violated. Therefore, the Court construes this allegation as a due process claim.

## IV. DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF

Defendants bring a motion to strike Plaintiff's request for injunctive relief pursuant to Rule 12(f). (Defs.' Mot. at 1.) In Plaintiff's complaint, he specifically requests an injunction preventing Defendants "from acting in a retaliatory manner and that [Plaintiff] be given a contact person at C.D.C.R.'s head office if [Plaintiff] believe[s] retaliatory measures are underway." (Compl. at 7.) Defendants construe Plaintiff's request as a motion for preliminary injunction and argue against the request based on the preliminary injunction standard. (Defs.' Mot. at 12.) However, it does not appear that Plaintiff intended his request for an injunction to be a motion for a preliminary injunction. He neither expressly requests a preliminary injunction nor presents any arguments in support of a preliminary injunction motion. See Apple Computer, Inc. v. Formula International, Inc., 725 F.2d 521, 523 (9th Cir. 1984) ("To obtain a preliminary injunction, a party must show either (1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in its favor."). Since Plaintiff has not presented a motion for preliminary injunction to the Court, Defendants' motion to strike Plaintiff's request for a preliminary injunction is moot.

Plaintiff's request for injunctive relief constitutes one of three types of relief he seeks in his complaint. See FED. R. CIV. P. 8(a)(3) ("A pleading that states a claim for relief must contain: ... a demand for the relief sought, which may include relief in the alternative or different types of relief.")  The pre-discovery period is not the appropriate time to decide whether Plaintiff is entitled to a permanent injunction since permanent injunctions are only granted or denied "after a full adjudication of the parties' rights." Schwarzer et al., CAL. PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL, 9TH CIRCUIT EDITION (Rutter Group 2008) ¶ 13:11, p. 13-5.

Based on the aforementioned reasons, this Court recommends Defendants' motion to strike Plaintiff's request for injunctive relief be **DENIED**.

///

## IV. CONCLUSION

After thorough review of the record in this case and based on the foregoing, the Court hereby recommends that:

1) Defendants' Motion to Dismiss Plaintiff's claims against Defendants in their official capacities be **GRANTED** without leave to amend.

2) Defendants' Motion to Dismiss Plaintiff's Eighth Amendment excessive force claims against Defendants Ramirez and Gasgonia be **DENIED**.

3) Defendants' Motion to Dismiss Plaintiff's Eighth Amendment excessive force claims against Defendants Hernandez, Stout, and Tillman be **GRANTED** with leave to amend.

4) Defendants' Motion to Dismiss Plaintiff's Eighth Amendment claim based on denial of yard recreation be **GRANTED** with leave to amend.

5) Defendants' Motion to Dismiss Plaintiff's Eighth Amendment claim based on denial of double cell occupancy be **GRANTED** without leave to amend.

6) Defendants' Motion to Dismiss Plaintiff's access to courts claim be **GRANTED** with leave to amend.

7) Defendants' Motion to Dismiss Plaintiff's due process claim be **GRANTED** without leave to amend.

8) Defendants' Motion to Strike Plaintiff's Request for Injunctive Relief be **DENIED**.

This Report and Recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1) (1994).

This report and recommendation will be submitted to the United States District Court judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Any party may file written objections with the Court and serve a copy on all parties on or before **August 11, 2008**. The document should be captioned "Objections to Report and Recommendation."

1 | Any reply to the objections shall be served and filed on or before **August 21, 2008**.
2 | *The parties are advised that no extensions of time will be granted for purposes of filing*
3 | *objections.* The parties are further advised that failure to file objections within the specified
4 | time may waive the right to appeal the district court's order. <u>Martinez v. Ylst</u>, 951 F.2d
5 | 1153 (9th Cir. 1991).
6 | **IT IS SO ORDERED.**

8 | DATED: July 9, 2008

                                              *[signature]*
10 |                                           LOUISA S PORTER
                                          United States Magistrate Judge

12 | cc:         The Honorable M. James Lorenz
                 all parties