UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| JOE L. MCKENNEY, JR., | Civil No. 07cv1735-L (POR) |
|---|---|
| Plaintiff, | **REPORT AND RECOMMENDATION THAT DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT AS TO DEFENDANT HERNANDEZ BE GRANTED IN PART AND DENIED IN PART** |
| v. | |
| R. HERNANDEZ, et al., | |
| Defendants. | [Document No. 19] |

## I. INTRODUCTION

On September 26, 2008, Plaintiff Joe L. McKenney, Jr., a state prisoner proceeding *pro se*, filed a First Amended Civil Rights Complaint[1] pursuant to 42 U.S.C. § 1983 against five employees of Richard J. Donovan Correctional Facility: Robert J. Hernandez, Warden; M.F. Stout, Visiting Lieutenant; L.V. Tillman, Visiting Sergeant; G.S. Gasgonia, Visiting Correctional Officer; and Richard G. Ramirez, Visiting Correctional Officer ("Defendants"). (FAC at 1). On October 9, 2008, Defendants Hernandez, Ramirez, Stout, and Tillman filed a Motion to Dismiss[2] Plaintiff's First Amended Complaint as to Defendant Hernandez. (Doc. 19). After thorough review of the parties' motions and all supporting documents, this Court RECOMMENDS Defendants' Motion to Dismiss Plaintiff's First Amended Complaint as to Defendant Hernandez be **GRANTED** in part and **DENIED** in part.

---

[1] Hereinafter referred to as "FAC."

[2] Hereinafter referred to as "MTD."

- 1 - 07cv1735-L (POR)

## II. BACKGROUND

**A.   Factual Allegations**

    1.   <u>Cruel and Unusual Punishment</u>

In his First Amended Complaint, Plaintiff alleges that on August 28, 2005 he was visiting with his wife when Defendant Ramirez handcuffed him and informed him that he "could not sit towards/straddle [his] wife." (FAC at 3.) Plaintiff claims he asked to speak with Defendant Stout, and Defendant Ramirez left to make a phone call. (<u>Id</u>.) When Defendant Ramirez returned, Defendant Gasgonia "attacked [Plaintiff] from behind" then "grabbed [Plaintiff's] left leg and lifted it upwards, throwing [him] forward" and causing him to "land hard on [his] face." (<u>Id</u>.) Plaintiff further alleges both Defendants Ramirez and Gasgonia assaulted him with their "hands, feet and batons in front of [his] wife, other visitors and inmates." (<u>Id</u>.) Plaintiff claims Defendants Ramirez and Gasgonia dragged him away into the rear search area and put leg irons on his legs. (<u>Id</u>.)

Plaintiff further claims Defendants Stout and Tillman allegedly arrived on the scene and witnessed Defendant Ramirez and Officer Gasgonia assault Plaintiff, but failed to try and stop the assault. (<u>Id</u>.) Plaintiff asserts Officer Gasgonia and Defendant Ramirez then placed Plaintiff into a van and allegedly continued to assault him for approximately thirty minutes. (<u>Id</u>.) At the infirmary, Plaintiff asserts Defendant Ramirez instructed the Medical Technical Assistant to document that Plaintiff only had "minor or little injuries." (<u>Id</u>.)

Plaintiff's wife left the prison in "hysteria" and complained of the incident to Defendant Hernandez. (FAC at 4). Plaintiff also complained of the incident to Defendant Hernandez in person at his "I.C.C. review" three days later on August 31, 2005. Plaintiff claims this shows Defendant Hernandez was "completely aware of this injustice, did nothing to prevent it, and did nothing to correct it." (<u>Id</u>.)

    2.   <u>Denial of Outdoor Recreation</u>

Plaintiff also claims he was denied outdoor recreation while in administrative segregation from August 28, 2005 to February 24, 2006. (FAC at 5). Plaintiff claims Defendant Hernandez was aware of this alleged denial because he was present at Plaintiff's I.C.C. review on August 31, 2005. (<u>Id</u>. citing Ex. 19). Plaintiff alleges Defendant Hernandez "was aware that [Plaintiff] was not

receiving any recreation, and that the only reason [Plaintiff] was allowed to leave the cell the entire six months [he] was in [administrative segregation] was for occasional showers and to be present at I.C.C. reviews." (Id.)

### 3. Denial of Access to Courts

Plaintiff claims he was denied access to court while in administrative segregation. (FAC at 6). Starting on December 27, 2005, Plaintiff claims he repeatedly requested law library access, but these requests were denied. (Id.) Plaintiff asserts Defendant Hernandez "was aware of by being present at [Plaintiff's] I.C.C. which [Hernandez] oversees." (Id. citing Ex. 19).

## B. Procedural Background

On August 31, 2007, Plaintiff Joe L. McKenney, Jr., a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. On September 21, 2007, the Honorable M. James Lorenz found the Complaint survives sua sponte screening and directed the U.S. Marshall to effect service. (Doc. 3). On December 18, 2007, Defendants filed their Motion to Dismiss the Complaint. (Doc. 11,12).

On July 10, 2008, the Court filed a Report and Recommendation, recommending the District Court 1) grant Defendants' Motion to Dismiss Plaintiff's claims against Defendants in their official capacities without leave to amend; 2) deny Defendants' Motion to Dismiss Plaintiff's Eighth Amendment excessive force claims against Defendant Ramirez; 3) grant Defendants' Motion to Dismiss Plaintiff's Eighth Amendment excessive force claims against Defendants Hernandez, Stout, and Tillman with leave to amend; 4) grant Defendants' Motion to Dismiss Plaintiff's Eighth Amendment claim based on denial of yard recreation with leave to amend; 5) grant Defendants' Motion to Dismiss Plaintiff's Eighth Amendment claim based on denial of double-cell occupancy without leave to amend; 6) grant Defendants' Motion to Dismiss Plaintiff's access to courts claim with leave to amend; 7) grant Defendants' Motion to Dismiss Plaintiff's due process claim without leave to amend; and 8) deny Defendants' Motion to Strike Plaintiff's Request for Injunctive Relief. (Doc. 14). On August 12, 2008, Plaintiff objected to the Report and Recommendation. (Doc. 16).

On September 8, 2008, the Honorable M. James Lorenz adopted the Report and Recommendation in full. (Doc. 17). On September 29, 2008, Plaintiff filed the First Amended

1  Complaint alleging an Eighth Amendment claim for cruel and unusual punishment against
2  Defendants Hernandez, Ramirez, Stout, Tillman, and unserved Defendant Gasgonia; an Eighth
3  Amendment claim for denial of outdoor recreation against Defendant Hernandez; and a First
4  Amendment claim for denial of access to courts against Defendant Hernandez.  (Doc. 18).

5  On October 9, 2008, Defendants Hernandez, Ramirez, Stout, and Tillman filed a Motion to
6  Dismiss Plaintiff's First Amended Complaint as to Defendant Hernandez.  (Doc. 19).  Defendants
7  seek dismissal on the grounds that Plaintiff fails to state a claim against Defendant Hernandez for (1)
8  an eighth amendment violation, and (2) denial of access to the court.  (MTD at 1).

### III. DISCUSSION

**A.   Standard of Review**

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims in the complaint.  A claim can only be dismissed if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Hishon v. King & Spaulding, 467 U.S. 69, 73 (1974).  The court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them, and must construe the complaint in the light most favorable to the plaintiff.  N.L. Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986); Parks School of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995); Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 973 (9th Cir. 2004) ("[U]nder Fed.R.Civ.P. 12(b)(6), [the Court must] accept[] all facts alleged in the complaint as true and construing them in the light most favorable to the plaintiff,") (*citing* Karam v. City of Burbank, 352 F.3d 1188, 1192 (9th Cir. 2003).

The court looks not at whether the plaintiff will "ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Dismissal is not warranted unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  Conley, 355 U.S. at 45-46.

Where a plaintiff appears in propria persona in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt.  Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988).  The rule of liberal construction is "particularly

1   important in civil rights cases." Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992).  In giving

2   liberal interpretation to a pro se civil rights complaint, however, the court may not "supply essential

3   elements of claims that were not initially pled." Ivey v. Board of Regents of the University of

4   Alaska, 673 F.2d 266, 268 (9th Cir. 1982).  "Vague and conclusory allegations of official

5   participation in civil rights violations are not sufficient to withstand a motion to dismiss." Id.; see

6   also Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984) (conclusory

7   allegations unsupported by facts are insufficient to state a claim under section 1983).  "The plaintiff

8   must allege with at least some degree of particularity overt acts which defendants engaged in that

9   support the plaintiff's claim." Jones, 733 F.2d at 649 (internal quotation omitted).

10        Nevertheless, the court must give a pro se litigant leave to amend his complaint unless it is

11  "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Noll v.

12  Carlson, 809 F.2d 1446, 1447 (9th Cir. 1987).  Thus, before a pro se civil rights complaint may be

13  dismissed, the court must provide the plaintiff with a statement of the complaint's deficiencies.

14  Karim-Panahi, 839 F.2d at 623-24.

15  **B.     Eighth Amendment Claims**

16        Plaintiff contends Defendants Hernandez, Stout, Tillman, Gasgonia, and Ramirez violated

17  his Eighth Amendment rights because they (1) violated his right to be free from cruel and unusual

18  punishment, and (2) denied him yard recreation.  (FAC at 3-5).  Defendants contend Plaintiff's

19  Eighth Amendment claims against Defendant Hernandez should be dismissed for failure to state a

20  claim.  (MTD at 11).

21        **1.     Cruel and Unusual Punishment**

22             **a.     Excessive Force**

23        Plaintiff alleges Defendants Hernandez, Stout, Tillman, Gasgonia, and Ramirez violated his

24  Eighth Amendment rights by using excessive force.  (FAC at 3-4).  Defendants contend Plaintiff has

25  not alleged sufficient facts to support an excessive force claim against Defendant Hernandez.  (MTD

26  at 13).

27        "[W]henever prison officials stand accused of using excessive physical force in violation of

28  the [Eighth Amendment], the core judicial inquiry is...whether force was applied in a good-faith

effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992); Schwenk v. Anderson, 204 F.3d 1187, 1196 (9th Cir. 2000); Berg v. Kincheloe, 794 F.2d 457, 460 (9th Cir. 1986). Courts examine (1) the need for application of force; (2) the relationship between the need and the amount of force used; (3) the extent of injury inflicted; (4) the extent of threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of facts known to them; and (5) any efforts made to temper the severity of a forceful response. Hudson, 503 U.S. at 7. Supervisors can only be held liable for excessive force of their subordinates if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Here, Plaintiff does not allege Defendant Hernandez participated in, directed, or knew of and failed to prevent the use of excessive force against him on August 28, 2005. (FAC at 3-4). Plaintiff merely states his wife complained to Defendant Hernandez of the alleged assault and Plaintiff personally complained of the alleged assault to Defendant Hernandez three days after the incident on August 31, 2005. Id. at 4. Although Plaintiff asserts Defendant Hernandez was "aware of this injustice, did nothing to prevent it and did nothing to correct it," Defendant Hernandez could not have prevented an assault he become aware of three days after it occurred. Id. Plaintiff's allegations are therefore insufficient to establish an excessive force claim against Defendant Hernandez under the Eighth Amendment. Accordingly, the Court RECOMMENDS Defendants' Motion to Dismiss Plaintiff's excessive force claim against Defendant Hernandez be **GRANTED** without leave to amend.

### b.     Deliberate Indifference to Safety

Plaintiff alleges Defendants Hernandez, Stout, and Tillman were deliberately indifferent to his safety in violation of his Eighth Amendment right to be free from cruel and unusual punishment. (FAC at 4). Defendants contend Plaintiff has not alleged sufficient facts to support an Eighth Amendment claim against Defendant Hernandez. (MTD at 13).

"The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 832

1  (1994)(internal quotation omitted);  see also Morgan v. Morgansen, 465 F.3d 1041 (9th Cir.
2  2006)("The Eighth Amendment's prohibition against cruel and unusual punishment protects
3  prisoners not only from inhumane methods of punishment but also from inhumane conditions of
4  confinement.").  However, due to the "harsh and restrictive" nature of a prison setting, a prisoner's
5  injury does not automatically constitute a constitutional violation.  Morgan, 465 F.3d at 1045.

6       A prisoner alleging a violation of his Eighth Amendment must satisfy both an objective and a
7  subjective component.  Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002).  Under the objective
8  requirement, an inmate must show "the deprivation he suffered was objectively, sufficiently
9  serious."  Morgan, 465 F.3d at 1045.  The deprivation must be such that the prisoner is denied "the
10 minimal civilized measure of life's necessities."  Farmer, 511 U.S. at 834 (internal quotation
11 omitted).  As long as the institution provides inmates "with adequate food, clothing, shelter,
12 sanitation, medical care, and personal safety," no Eighth Amendment violation has occurred.
13 Hoptowitt v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982).

14      The subjective requirement, relating to the defendants' state of mind, requires a prison
15 official to have a "sufficiently culpable state of mind."  Farmer, 511 U.S. at 834; see also Allen v.
16 Sakai, 48 F.3d 1082, 1087 (9th Cir. 1994).  The Court must analyze each claimed violation in light
17 of these requirements, for Eighth Amendment violations may not be based on the "totality of
18 conditions" at a prison.  Hoptowit, 682 F.2d at 1246-47.

19      "Prison officials have a duty to take reasonable steps to protect inmates from physical
20 abuse."  Hoptowit, 682 F.2d at 1250-51.  To establish a violation of this duty, a prisoner must
21 establish prison officials were "deliberately indifferent" to serious threats to the inmate's safety.
22 Farmer, 511 U.S. at 834.  Deliberate indifference is present when a prison official "knows of and
23 disregards an excessive risk to inmate health or safety."  Farmer, 511 U.S. at 837.

24      Here, Plaintiff's claim of deliberate indifference to his safety satisfies the objective
25 requirement.  The August 28, 2005 assault alleged in the complaint is contrary to a prison's duty to
26 provide prisoners with personal safety.  Hoptowit, 682 F.2d at 1246.  However, Plaintiff's claim
27 against Defendant Hernandez fails to satisfy the subjective requirement.  Plaintiff fails to plead
28 sufficient facts to show "deliberate indifference" to his safety on the part of Defendant Hernandez.

1  Specifically, Plaintiff fails to plead facts demonstrating Defendant Hernandez had actual knowledge
2  he faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable
3  steps to abate it.  Farmer, 511 U.S. at 837.

4  In his complaint, Plaintiff alleges Defendant Hernandez was "completely aware of this
5  injustice, did nothing to prevent it and did nothing to correct it."  (FAC at 4).  Plaintiff further
6  contends both he and his wife complained of the incident to Defendant Hernandez.  (Id.)  However,
7  Plaintiff's allegations in the complaint as well as supporting documents indicate Defendant
8  Hernandez did not become aware of the alleged assault until August 31, 2005, three days after it
9  occurred.  (FAC at 4, 31, 54).  In Exhibit 10 of his complaint–a letter from Defendant Hernandez to
10 Plaintiff's wife–it is apparent Plaintiff's wife did not complain to Defendant Hernandez about the
11 alleged assault until August 31, 2005.  (Exhibit 10, FAC at 31).  Similarly, in his complaint and in
12 Exhibit 19– a document from Plaintiff's August 31, 2005 I.C.C. review regarding the August 28,
13 2005 incident–Plaintiff indicates he did not complain to Defendant Hernandez about the alleged
14 assault until August 31, 2005, three days after it occurred.  (FAC at 4, 54; Exhibit 19).

15 In light of the representations Defendant Hernandez did not learn of the alleged assault until
16 three days after it occurred, Plaintiff cannot show Defendant Hernandez had actual knowledge of the
17 possibility Plaintiff was going to be assaulted, that he witnessed Plaintiff being assaulted, or that he
18 failed to stop Plaintiff from being assaulted.  Plaintiff has failed to allege, with at least some degree
19 of particularity, overt acts demonstrating Defendant Hernandez knew Plaintiff faced a substantial
20 risk of serious harm or that Defendant Hernandez had the necessary information to enable him to
21 take reasonable steps to abate that risk.  Based thereon, the Court RECOMMENDS Defendants'
22 Motion to Dismiss Plaintiff's Eighth Amendment claim of deliberate indifference to safety against
23 Defendant Hernandez be **GRANTED** without leave to amend.

24 **2.     Deprivation of Yard Recreation**

25 Plaintiff alleges Defendant Hernandez violated his right to be free from cruel and unusual
26 punishment under the Eighth Amendment when he denied him yard recreation for the six months he
27 was kept in administrative segregation.  (FAC at 5).  Defendants contend Plaintiff fails to state a
28 claim against Defendant Hernandez for denial of outdoor recreation because he does not allege any

1  facts showing Defendant Hernandez subjectively knew Plaintiff was denied outdoor recreation while
2  he was in administrative segregation. (MTD at 11).

3  "Whatever rights one may lose at the prison gates, ... the full protections of the eighth
4  amendment most certainly remain in force. The whole point of the amendment is to protect persons
5  convicted of crimes." Spain v. Procunier, 600 F.2d 189, 193-94 (9th Cir. 1979) (citation omitted).
6  The Eighth Amendment, however, is not a basis for broad prison reform. It requires neither that
7  prisons be comfortable nor that they provide every amenity that one might find desirable. Rhodes v.
8  Chapman, 452 U.S. 337, 347, 349 (1981); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1981).
9  Rather, the Eighth Amendment proscribes the "unnecessary and wanton infliction of pain," which
10 includes those sanctions that are "so totally without penological justification that it results in the
11 gratuitous infliction of suffering." Gregg v. Georgia, 428 U.S. 153, 173, 183 (1976); see also
12 Farmer v. Brennan, 511 U.S. 825, 834 (1994); Rhodes, 452 U.S. at 347. This includes not only
13 physical torture, but any punishment incompatible with "the evolving standards of decency that
14 mark the progress of a maturing society." Trop v. Dulles, 356 U.S. 86, 101 (1958); see also Estelle
15 v. Gamble, 429 U.S. 97, 102 (1976).

16 Outdoor exercise is considered "extremely important to the psychological and physical well
17 being of the inmates." Spain, 600 F.2d at 199. If the deprivation of outdoor exercise is "long-term,"
18 then it amounts to an Eighth Amendment violation even if there were no adverse medical effects
19 resulting from the deprivation. Lopez v. Smith, 203 F.3d 1122, 1133 n.15 (9th Cir. 2000). To assert
20 an Eighth Amendment claim for deprivation of humane conditions of confinement, a prisoner must
21 satisfy two requirements: one objective and one subjective. Farmer, 511 U.S. at 834; Allen v. Sakai,
22 48 F.3d 1082, 1087 (9th Cir. 1994).

23 "Under the objective requirement, the prison official's acts or omissions must deprive an
24 inmate of the minimal civilized measure of life's necessities." Id. This objective component is
25 satisfied so long as the institution "furnishes sentenced prisoners with adequate food, clothing,
26 shelter, sanitation, medical care, and personal safety." Hoptowit, 682 F.2d at 1246; Farmer, 511
27 U.S. at 833; Wright v. Rushen, 642 f.2d 1129, 1132-33 (9th Cir. 1981).
28 //

The subjective requirement, relating to the defendants' state of mind, requires "deliberate indifference." <u>Allen</u>, 48 F.3d at 1087. "Deliberate indifference" exists when a prison official "knows of and disregards an excessive risk to inmate health and safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." <u>Farmer</u>, 511 U.S. at 835. Finally, the Court must analyze each claimed violation in light of these requirements, for Eighth Amendment violations may not be based on the "totality of conditions" at a prison. <u>Hoptowit</u>, 682 F.2d at 246-47; <u>Wright</u>, 642 F.2d at 1132.

Plaintiff's claim satisfies the objective requirement. The six months of deprivation alleged in the complaint are more "long-term" than the six-and-one-half weeks of deprivation in <u>Lopez</u>, and, therefore, the conditions alleged here objectively amount to an Eighth Amendment violation. See <u>Lopez</u>, 203 F.3d at 1133 n.15.

Plaintiff's claim also satisfies the subjective requirement. In his complaint, Plaintiff states Defendant Hernandez "was aware that [he] was not receiving any recreation, and that the only reason [he] was allowed to leave the cell the entire six months [he] was in ad-seg was for occasional showers and to be present at [his] I.C.C. reviews." (FAC at 5). Specifically, Plaintiff alleges Defendant Hernandez became aware he was being denied yard recreation at his August 31, 2005 I.C.C. review. (FAC at 5). Further, Plaintiff asserts he notified Defendant Hernandez he was being denied outdoor recreation at his November 23, 2005 I.C.C. review, three months after Plaintiff alleges his denial of outdoor recreation commenced. (FAC 12; Exhibit 1). Therefore, Plaintiff adequately alleges Defendant Hernandez was aware of the substantial risk to Plaintiff's health by "set[ting] forth specific facts as to...[his] deliberate indifference." <u>Leer v. Murphy</u>, 844 F.2d 628, 634 (9th Cir. 1988). Based thereon, the Court RECOMMENDS Defendants' Motion to Dismiss Plaintiff's Eighth Amendment claim of denial of outdoor recreation against Defendant Hernandez be **DENIED**.

**C.     Access to Court Claim**

Plaintiff contends he was denied access to the court while in administrative segregation for six months. (FAC at 6). Defendants contend Plaintiff's first amendment claim as to Defendant

Hernandez fails to state a claim for denial of access to the court. (MTD at 15).

Prisoner's have a constitutional right of access to the courts. <u>Lewis v. Casey</u>, 518 U.S. 343, 346 (1996). In <u>Lewis</u>, the United States Supreme Court limited the right of access to the courts to non-frivolous direct criminal appeals, habeas corpus proceedings, and section 1983 actions. <u>See</u> <u>id</u>. at 353 n.3, 354-355. However, the Ninth Circuit has held "the right of meaningful access to the courts extends to established prison grievance procedures." <u>Bradley v. Hall</u>, 64 F.3d 1276, 1279 (9th Cir. 1995). The Ninth Circuit points out that in some cases, "a prisoner may be required to exhaust the established prison grievance procedure before securing relief in federal court...In those cases, a prisoner's fundamental right of access to the courts hinges on his ability to access the prison grievance system." <u>Id</u>.

A prisoner's access-to-the-courts right is violated when he does not have access to an adequate law library and when he can show he suffered an "actual injury" as a result, that his efforts to pursue some claim were hindered. <u>Id</u>. at 351. A plaintiff must adequately describe the claim that was hindered and allege facts that show it was actually hindered in some way. <u>Christopher v. Harbury</u>, 536 U.S. 403, 415 (2002). The analysis in <u>Christopher</u> describes two kinds of hindered claims: "forward-looking" claims that are currently being impeded, and "backward-looking" claims that are now impossible to file. <u>Id.</u> at 412-14.

In his complaint, Plaintiff asserts Defendant Hernandez denied him access to a law library while he was in administrative segregation from August 28, 2005 until February 24, 2006. (FAC at 6). Plaintiff contends Defendant Hernandez denied him law library access both at his August 31, 2005 I.C.C. review and at his November 23, 2005 I.C.C. review, thereby establishing a causal connection between Defendant Hernandez's alleged actions and Plaintiff's denial of library access. (FAC at 6,12).

However, Plaintiff's allegations do not establish his efforts to pursue some claims were hindered as a result of being denied library access. It is unclear from his first amended complaint which claims Plaintiff alleges are being impeded. First, Plaintiff claims that as a result of the denial of access to the law library, he was unable to "adequately prepare [his] defense in a timely manner." (FAC at 6). One plausible interpretation is that he is referring to his direct criminal appeal.

1  Another plausible interpretation is that he is referring to his defense to the charge he committed
2  battery on two peace officers during the August 28, 2005 incident.  Second, Plaintiff alleges he was
3  unable to "create and perfect [his] claims of assault and battery against Donovan Corrections staff"
4  and "litigate...issues involved in [his] criminal appeal."  (FAC at 58).  Third, Plaintiff claims the
5  denial of access to the law library caused him to file a late tort claim with the Victim Compensation
6  and Government Claims Board (VCGCB), which was then denied.  (FAC at 6, 64).

7    Here, Plaintiff alleges no facts to show he has a "backward-looking" claim -- one that can no
8  longer be filed.  Likewise, although Plaintiff attempts to allege "forward-looking" claims, Plaintiff
9  alleges no facts to show he has a claim that is currently being impeded.  First, assuming the first
10 claim Plaintiff refers to is his direct criminal appeal, Plaintiff has not adequately described the claim
11 that was hindered and has not alleged facts that show it was actually hindered in some way.
12 Christopher, 536 U.S. at 415.  Plaintiff has not alleged facts indicating he missed court deadlines
13 relating to his criminal appeal or that the court dismissed legitimate claims as a result of his lack of
14 access to the prison law library.  Even assuming the first claim he refers to is his defense to the
15 charge of battery against two peace officers, nothing in the complaint indicates it has been impeded.

16   Second, with regard to the excessive force claim, Plaintiff has successfully filed the claim in
17 his complaint, and nothing indicates it has been impeded.  (FAC at 3-4).  Third, with regard to the
18 tort claim, Plaintiff waited nearly a year and a half after the alleged assault prior to filing his tort
19 claim with the California VCGCB.  (FAC at 64).  However, Plaintiff was released from
20 administrative segregation on February 24, 2006 and still had one month from that date to file his
21 California tort claim.  Plaintiff does not allege he was prevented from filing his claim during this one
22 month time period, thereby indicating Plaintiff's confinement in administrative segregation and
23 Defendant Hernandez's alleged denial of access to the law library did not cause him to file a late tort
24 claim.  More importantly, Plaintiff does not allege that his late tort claim before the California
25 VCGCB deprived him of the ability to file a claim with the Court.

26   Based on Plaintiff's failure to allege facts to support the existence of either a
27 "forward-looking" or a "backward-looking" claim, the Court RECOMMENDS Defendants'
28 Motion to Dismiss Plaintiff's access-to-the-courts claim against Defendant Hernandez  be

1 **GRANTED** with leave to amend.

## IV. CONCLUSION

After thorough review of the record in this case and based on the foregoing, the Court hereby RECOMMENDS:

1) Defendants' Motion to Dismiss Plaintiff's excessive force claim against Defendant Hernandez be **GRANTED** without leave to amend.

2) Defendants' Motion to Dismiss Plaintiff's Eighth Amendment claim of deliberate indifference to safety against Defendant Hernandez be **GRANTED** without leave to amend.

3) Defendants' Motion to Dismiss Plaintiff's Eighth Amendment claim of denial of outdoor recreation against Defendant Hernandez be **DENIED**.

4) Defendants' Motion to Dismiss Plaintiff's access-to-the-courts claim against Defendant Hernandez be **GRANTED** with leave to amend.

This Report and Recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1) (1994).

This report and recommendation will be submitted to the United States District Court judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Any party may file written objections with the Court and serve a copy on all parties on or before **May 1, 2009.** The document should be captioned "Objections to Report and Recommendation."

//
//
//
//
//
//
//
//

1   Any reply to the objections shall be served and filed on or before **May 11, 2009.** *The*
2  *parties are advised that no extensions of time will be granted for purposes of filing*
3  *objections.* The parties are further advised that failure to file objections within the specified
4   time may waive the right to appeal the district court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153
5   (9th Cir. 1991).

6   **IT IS SO ORDERED.**

7   DATED: April 1, 2009

            *Louisa Porter*
9           LOUISA S PORTER
            United States Magistrate Judge

11  cc:        The Honorable M. James Lorenz
               all parties