UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE L. MCKENNEY, JR., <br><br> Plaintiff, <br><br> v. <br><br> R. HERNANDEZ, et al., <br><br> Defendants. | Civil No.   07cv1735-L (POR) <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR DISCOVERY** <br><br> **[Document No. 53]** |

On August 12, 2010, Plaintiff filed a Motion for Discovery.  (Doc. 53.)  Plaintiff seeks documents as to Defendants Hernandez, Stout, Tillman, Gasgonia, and Ramirez related to prior complaints of excessive force, violence, racial prejudice, dishonesty, and violation of state or federal laws.  (Id.)  On September 20, 2010, Defendants filed an Opposition to Plaintiff's Motion.  (Doc. 66.)  Defendants contend the requested documents seek irrelevant information and information not reasonably calculated to lead to the discovery of admissible evidence.  (Id.)

Pursuant to the Court's September 29, 2010 order (Doc. 67), on October 19, 2010, Defendants lodged all documents responsive to Plaintiff's requests as to Defendants R. Hernandez, M.F. Stout, L.V. Tillman, G.E. Gasgonia, and R. Ramirez with the Court for an *in camera* review. Upon reviewing the parties' moving papers, relevant law, and conducting an *in camera* review of the documents at issue, the Court hereby **GRANTS** Plaintiff's Motion for Discovery.

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party."  Fed. R. Civ. P. 26(b)(1).  In actions brought under section 1983, courts have repeatedly held that government personnel files and documents are relevant and

discoverable.  See Voth v. Albright, 2006 WL 3001362, 6-8 (E.D. Cal. 2006); Green v. Baca, 226 F.R.D. 624, 643-44 (C.D. Cal. 2005).

Further, questions of evidentiary privilege that arise in the course of adjudicating federal rights are governed by principles of federal common law.  See United States v. Zolin, 491 U.S. 554 (1989).  Federal common law recognizes a qualified privilege for official information.  Kerr v. United States Dist. Ct. for N.D. Cal., 511 F.2d 192, 198 (9th Cir.1975), aff'd, 426 U.S. 394 (1976). Government personnel files are considered official information.  See, e.g., Zaustinsky v. University of Cal., 96 F.R.D. 622, 625 (N.D. Cal. 1983), aff'd, 782 F.2d 1055 (9th Cir. 1985).

To determine whether the information sought should be disclosed, the court must weigh whether confidentiality outweighs the requesting party's need for the information, a "balancing approach that is moderately pre-weighted in favor of disclosure."  Kelly v. City of San Jose, 114 F.R.D. 653, 657-58, 661 (N.D. Cal. 1987);  Hampton v. City of San Diego, 147 F.R.D. 227, 231 (S.D. Cal. 1993).  The party asserting the privilege must properly invoke the privilege by making a "substantial threshold showing."  Kelly, 114 F.R.D. at 669.  The party must file an objection and submit a declaration or affidavit from a responsible official with personal knowledge of the matters to be attested to in the affidavit.  Id.  The affidavit must include:

> (1) an affirmation that the agency generated or collected the material in issue and has maintained its confidentiality; (2) a statement that the official has personally reviewed the material in question; (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer; (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, and (5) a projection of how much harm would be done to the threatened interests if disclosure were made.

Id. at 670; see also Soto v. City of Concord, 162 F.R.D. 603, 613 (N.D. Cal. 1995) (applying the Kelly procedure). If the court concludes that a defendant's submissions are not sufficient to meet the threshold burden, it will order disclosure of the documents. If a defendant meets the threshold requirements, the court will order an *in camera* review of the material and balance each party's interests.  Kelly,114 F.R.D. at 661. The factors used for balancing are:

> (1) The extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information.
> (2) The impact upon persons who have given information of having their identities disclosed.
> (3) The degree to which government self-evaluation and consequent program improvement will be chilled by disclosure.
> (4) Whether the information sought is factual data or evaluative summary.

    (5) Whether the party seeking the discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question.
    (6) Whether the police investigation has been completed.
    (7) Whether any intradepartmental disciplinary proceedings have arisen or may arise from the investigation.
    (8) Whether the plaintiff's suit is non-frivolous and brought in good faith.
    (9) Whether the information sought is available through other discovery or from other sources.
    (10) The importance of the information sought to the plaintiff's case.

Id. at 663; Soto, 162 F.R.D. at 614 n.4.

Here, the documents the Court reviewed all concern instances of excessive force or falsification of records, which are relevant to the subject matter of this litigation.  Further, although Defendants neither asserted the privilege of official information nor submitted a declaration or affidavit from a responsible official with personal knowledge of the matters to be attested to in the affidavit, the Court nonetheless balances each parties' interests.  Having considered the effects of disclosure and non-disclosure, the Court finds the personnel files should be produced.  The Court recognizes the potential concerns with disclosing personnel records.  However, nothing indicates the present action is frivolous or brought in bad faith.  Plaintiff properly alleged legal and factual support for his claims.  Certain information in the personnel files, such as information regarding previous incidents involving the same correctional officers, is relevant and important to Plaintiff's case.  Further, there is no other source from which this information may be obtained.

Accordingly, IT IS HEREBY ORDERED:

1. Defendants shall produce all documents submitted to the Court for an *in camera review* on or before **December 8, 2010.**  All personal information, except for the names of the officers, shall be redacted from the files.

2. Defendants shall produce a non-redacted copy of the state personnel board decision regarding the dismissal of an officer from the position of youth correctional officer, subject to the limitations set forth above.

3. This order is subject to the following Protective Order:

    a. The documents produced pursuant to this order are to be used solely for and in preparation of this litigation.

  b. The documents produced pursuant to this order shall be treated as Confidential, and access shall be limited to: (1) attorneys actively working on this case; (2) the parties; (3) designated expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case; and (4), the Courts and its employees. The documents shall not be shared with other inmates.

  c. No reproduction of documents produced pursuant to this order is authorized, except to the extent copies are required to prepare the case for trial. All copies shall be stamped "CONFIDENTIAL."

  d. Upon termination of this action, all documents produced pursuant to this order shall promptly (no later than 30 days following termination of this action) be destroyed or delivered to counsel for Defendants.

4. All documents submitted to the Court for an *in camera review*, including declarations, are hereby filed under seal.

**IT IS SO ORDERED.**

DATED:  November 15, 2010

               _____
               LOUISA S PORTER
               United States Magistrate Judge

cc:  The Honorable M. James Lorenz
   all parties