UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE L. MCKENNEY, JR., Plaintiff, v. R. HERNANDEZ, et al., Defendants. | Civil No. 07cv1735-L (POR) **REPORT AND RECOMMENDATION DENYING DEFENDANT HERNANDEZ'S MOTION TO DISMISS PLAINTIFF'S EIGHTH AMENDMENT CLAIM** **[ECF No. 72]** |

**I. INTRODUCTION**

On September 26, 2008, Plaintiff Joe L. McKenney, Jr., a state prisoner proceeding *pro se*, filed a First Amended Civil Rights Complaint pursuant to 42 U.S.C. § 1983 against five employees of Richard J. Donovan Correctional Facility: Robert J. Hernandez, Warden; M.F. Stout, Visiting Lieutenant; L.V. Tillman, Visiting Sergeant; G.S. Gasgonia, Visiting Correctional Officer; and Richard G. Ramirez, Visiting Correctional Officer ("Defendants"). (ECF No. 18.)

On November 15, 2010, Defendant R. Hernandez filed a Motion to Dismiss Plaintiff's Eighth Amendment Claim for deprivation of outdoor exercise while in administrative segregation. (ECF No. 72.) Defendant Hernandez contends Plaintiff failed to exhaust his administrative remedies as to this claim. *Id.* at 1.

After a thorough review of the parties' pleadings and all supporting documents, this Court RECOMMENDS Defendant Hernandez's Motion to Dismiss Plaintiff's Eighth Amendment claim be **DENIED**.

## II. PROCEDURAL BACKGROUND

Prior to the Motion to Dismiss at issue in this Order, Defendants Hernandez, Ramirez, Stout, and Tillman filed a Rule 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint as to Defendant Hernandez. (ECF No. 19.) On April 1, 2009, this Court issued a Report and Recommendation granting in part and denying in part Defendant Hernandez's Motion to Dismiss, which the District Judge adopted on July 7, 2009. (ECF Nos. 22, 24.) On January 22, 2010, Defendant Hernandez filed an Answer. (ECF No. 31.) On November 15, 2010, Defendant R. Hernandez filed an unenumerated 12(b) Motion to Dismiss, this time alleging Plaintiff failed to exhaust his Eighth Amendment Claim for deprivation of outdoor exercise while in administrative segregation. (ECF No. 72.)

## III. DISCUSSION

### A. Federal Rule of Civil Procedure 12

A non-enumerated motion under Federal Rule of Civil Procedure 12(b) is "the proper pretrial motion for establishing nonexhaustion" of administrative remedies under 42 U.S.C. section 1997e(a). *See Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368-69 (9th Cir. 1988). However, FRCP 12(g) states, "Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted in its earlier motion." FRCP 12(h)(2) states, "a legal defense to a claim may be raised: (A) in any pleading allowed or ordered under Rule 7(a); (B) by a motion under Rule 12(c); or (C) at trial." FRCP 12(h)(3) states, "If the Court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

### B. Analysis

On November 15, 2010, Defendant R. Hernandez filed an unenumerated 12(b) Motion to Dismiss alleging Plaintiff failed to exhaust his Eighth Amendment Claim for deprivation of outdoor exercise. (ECF No. 72.) In support of this contention, Defendant Hernandez asserts none of the 602 appeals Plaintiff filed between February 8, 2006 and March 15, 2007 "even remotely discuss or allude to an alleged denial of outdoor exercise." (ECF No. 72-1 at 4-6.) Consequently, the information that Plaintiff had allegedly failed to exhaust his administrative remedies was available to

Defendant on October 9, 2008 (one and a half years after Plaintiff's last 602 appeal) when he filed his first Motion to Dismiss Plaintiff's First Amended Complaint. However, rather than raise a failure to exhaust claim in the initial Motion to Dismiss, Defendant Hernandez asserted Plaintiff failed to state a claim with regard to the deprivation of outdoor exercise. (ECF No. 19.) Therefore, Defendant Hernandez is procedurally barred from raising the failure to exhaust claim in this subsequent Motion to Dismiss because "a party that makes a motion under [FRCP 12] must not make another motion under this rule raising a defense or objection that was available to the party but omitted in its earlier motion." F.R.C.P. 12(g).

Accordingly, the Court hereby RECOMMENDS Defendant's Motion to Dismiss Plaintiff's Eighth Amendment Claim for deprivation of outdoor exercise be **DENIED**.

## IV. CONCLUSION

After thorough review of the record in this case and based on the foregoing, the Court hereby RECOMMENDS Defendant's Motion to Dismiss Plaintiff's Eighth Amendment Claim for deprivation of outdoor exercise be **DENIED**.

This Report and Recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1) (1994).

Any party may file written objections with the Court and serve a copy on all parties on or before **May 9, 2011.** The document should be captioned "Objections to Report and Recommendation." Any reply to the objections shall be served and filed on or before **May 23, 2011.** The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED: April 8, 2011

LOUISA S PORTER
United States Magistrate Judge